**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000

Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Michael B. Dvoren (027386)
mbd@jaburgwilk.com

*Attorneys for Plaintiffs*

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| MasterScapes, Inc., a Texas corporation; Daniel and Catherine Haught, husband and wife, <br><br> Plaintiffs, <br><br> v. <br><br> Masterscapes, LLC, a Arizona limited liability company, <br><br> Defendant. | Case No. <br><br> **Complaint** <br><br> **(Jury Trial Demanded)** |

For their Complaint against Defendant MasterScapes, LLC, Plaintiffs MasterScapes, Inc. and Daniel and Catherine Haught allege as follows:

**Parties, Jurisdiction, and Venue**

1. Plaintiff MasterScapes, Inc. is a Texas corporation that provides landscape design, construction, irrigation services, and property care services.

2. Plaintiffs Daniel and Catherine Haught are husband and wife, residents of Texas, and sole shareholders of MasterScapes, Inc. (hereafter, the "Haughts").

3. Defendant Masterscapes, LLC is a Arizona limited liability company (hereafter, "Defendant") that provides landscape and property care services.

4. Upon information and belief, Defendant's sole member is Jeremiah Padilla, a resident of Maricopa County, Arizona.

5. This is an action for trademark infringement and unfair competition under Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 & 1125(a).

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because all claims herein arise under the laws of the United States.

7. This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is domiciled in this District, Defendant's principal place of business is within this District and Defendants' activities alleged herein to be unlawful were and continue to be conducted in and directed from this District.

### General Allegations

8. In January 1992, the Haughts began providing landscape design, construction, and maintenance services to others in West Texas through Haught Landscape Company and later through MasterScapes, Inc.

9. In 1994, the Haughts and MasterScapes, Inc. (collectively hereafter, "Plaintiffs") began providing, among other things, irrigation system installation and maintenance services, landscape design services, landscape gardening services, lawn care services, and irrigation system design services to others under the trademark MASTERSCAPES.

10. Plaintiffs have continuously used the MASTERSCAPES mark in commerce ever since.

11. Plaintiffs own and operate the website www.masterscapes.com and own the domain name <masterscapes.com>.

12. As a result of Plaintiffs' substantial time, effort, money, and resources spent developing, marketing, advertising, and promoting their services under the MASTERSCAPES mark, the consuming public has come to recognize and rely upon the MASTERSCAPES mark as the source of Plaintiffs' services.

13. On March 18, 1996, the Haughts, through counsel, filed an application with the United States Patent and Trademark Office ("USPTO") for the mark

2

MASTERSCAPES, Serial No. 75073719, in International Class 37 for "installation and maintenance of irrigation systems" and International Class 42 for "landscape gardening design for others; landscape gardening; law [sic] care; irrigation systems design for others." The mark was published for opposition on October 29, 1996.

14. On January 21, 1997, the USPTO granted the Haughts a federal registration for the MASTERSCAPES mark, Reg. No. 2032316. A true and correct copy of the Registration Certificate for the MASTERSCAPES mark is attached as **Exhibit 1**.

15. Subsequent to its registration, the MASTERSCAPES mark became incontestable pursuant to 15 U.S.C. § 1065. As such, the Registration Certificate constitutes conclusive evidence of the validity and registration of the MASTERSCAPES mark, the Haughts' ownership of it, and their exclusive right to use it in commerce pursuant to 15 U.S.C. § 1115(b).

16. Also due to its incontestable status, the MASTERSCAPES mark is conclusively presumed to be distinctive pursuant to 15 U.S.C. § 1115(b).

17. Upon information and belief, on or about June 25, 2008, Jeremiah Padilla, or someone acting on his behalf, changed the name of a Arizona limited liability company formed on January 28, 2008 from "Jeremiah's Landscapes & Designs, LLC" to "Masterscapes, LLC" through the Arizona Corporation Commission.

18. Defendant subsequently began publicly offering, selling, and providing landscape and related services as "Masterscapes, LLC," thereby using the MASTERSCAPES mark in commerce.

19. In early 2009, Plaintiffs became aware of Defendant's unauthorized use of the MASTERSCAPES mark.

20. On March 11, 2009, Mrs. Haught sent Defendant a letter advising that Plaintiffs owned a federal registration for the MASTERSCAPES mark, asserting that Defendant was infringing the mark, and warning Defendant of the legal remedies and consequences of its infringement.

3

21.     The March 11, 2009 letter also stated that Defendant could avoid legal action if Defendant agreed to sign and return a copy of the entire letter, including Defendant's agreement to immediately cease all use of the MASTERSCAPES mark.

22.     A true and correct copy of Plaintiffs' March 11, 2009 letter is attached as **Exhibit 2**.

23.     Defendant never returned a signed copy of the March 11, 2009 letter to Plaintiffs or their attorney.

24.     In or around June of 2009, Catherine Haught spoke by phone with Defendant's owner, Jeremiah Padilla. During the call, Mr. Padilla indicated that Defendant would stop using the MASTERSCAPES mark.

25.     On June 19, 2009, Mrs. Haught sent Defendant a follow up letter confirming this and stating that Plaintiffs would not pursue a trademark infringement claim against Defendant if Defendant permanently stopped its unauthorized use of the MASTERSCAPES mark within 90 days, subject to Plaintiffs' confirmation.

26.     A true and correct copy of the June 19, 2009 letter is attached as **Exhibit 3**.

27.     Despite Defendant's promise, Plaintiffs later learned that Defendant did not cease its unauthorized use of the MASTERSCAPES mark.

28.     On January 21, 2011, Plaintiffs' attorney sent Defendant a letter reminding Defendant of the Haughts' federal registration for the MASTERSCAPES mark and demanding that Defendant cease its unauthorized use of it.

29.     A true and correct copy of the January 21, 2011 letter from Plaintiffs' attorney to Defendant, including proof of Defendant's receipt of same, is attached as **Exhibit 4**.

30.     On or about February 25, 2011, Plaintiffs' attorney received an email from an attorney claiming to represent Defendant in connection with the January 21, 2011 letter.

4

31. Upon information and belief, the attorney ceased representing Defendant a short time later.

32. Despite the attorney's brief involvement, Plaintiffs' attorney never received any substantive response from the attorney or Defendant regarding the January 21, 2011 letter and Defendant continued its unauthorized use of the MASTERSCAPES mark.

33. On August 25, 2011, Plaintiffs' attorney sent Defendant a second letter noting the lack of response, reminding Defendant of the Haughts' federal registration for the MASTERSCAPES mark and demanding that Defendant cease its unauthorized use of it.

34. A true and correct copy of the August 25, 2011 letter from Plaintiffs' attorney to Defendant, including proof of Defendant's receipt of same, is attached as **Exhibit 5**.

35. Despite receiving the August 25, 2011 letter, Defendant did not respond or cease its unauthorized use of the MASTERSCAPES mark.

36. Despite receiving the 2009 and 2011 letters and promising to stop, Defendant knowingly and willfully continued to publicly offer, sell and provide the same services as Plaintiffs using the MASTERSCAPES mark.

37. Especially because of Plaintiffs' and Defendant's presence on the Internet and the fact that search engines such as Google prominently show both Plaintiffs and Defendant in search results for "Masterscapes," there is high likelihood of ongoing confusion created by Defendant's unauthorized use of the MASTERSCAPES mark.

38. In the past two years, instances of actual confusion have arisen and increased due to Defendant's ongoing unauthorized use of the MASTERSCAPES mark.

39. For example, Plaintiffs have received a number of emails from Defendant's customers that were intended for Defendant.

40. In one instance, a customer of Defendant mistakenly emailed Plaintiffs on May 20, 2016 to complain that a member of Defendant's work crew had damaged a pool supply line at the customer's residence.

41. A true and correct copy of the May 20, 2016 email exchange is attached as **Exhibit 6**.

42. Plaintiffs have also been mistakenly emailed by other businesses requesting payment of their invoices by Defendant.

43. In one case, even Defendant's owner, Jeremiah Padilla, participated in the confusion by replying to an email requesting payment on September 27, 2016 and including Plaintiffs' email address in the reply.

44. A true and correct copy of the September 27, 2016 email exchange is attached as **Exhibit 7**.

45. On January 11, 2017, Plaintiffs' attorney sent Defendant a third letter noting actual confusion caused by Defendant's continued unauthorized use of the MASTERSCAPES mark, reminding Defendant of the Haughts' federal registration for the MASTERSCAPES mark and demanding that Defendant cease its unauthorized use of it within 20 days or face legal action.

46. A true and correct copy of the January 11, 2017 letter to Defendant is attached as **Exhibit 8**.

47. Defendant has not responded to the January 11, 2017 letter and has knowingly and willfully continued to publicly offer, sell and provide the same services as Plaintiffs using the MASTERSCAPES mark.

### Count One
### (Trademark Infringement under 15 U.S.C. § 1114)

48. Plaintiffs repeat and reallege all allegations in this Complaint as if fully set forth herein.

6

49. The Haughts are the owners of a valid and incontestable federal trademark registration for the MASTERSCAPES mark.

50. Defendant's activities complained of herein infringe the Haughts' well-established and federally protected trademark rights under U.S. trademark law and constitute federal trademark infringement pursuant to Section 32 of the Lanham Act (15 U.S.C. § 1114).

51. Defendant's activities complained of herein have been without Plaintiffs' consent.

52. Defendant's unauthorized adoption and continued use of the MASTERSCAPES mark constitutes commercial use of the mark in commerce.

53. By continuing to publicly offer, sell, and provide landscaping and related services under the MASTERSCAPES mark (and any derivation thereof) in the manner complained of herein, Defendant has already caused and will likely continue to cause confusion in the marketplace and mislead the public into believing that Defendant's services are associated with, sponsored by, and/or approved of by Plaintiffs.

54. Defendant has been made aware of the Haughts' exclusive and federally protected rights in and to the MASTERSCAPES mark.

55. Despite this, Defendant has failed and refused to discontinue the activities complained of herein despite having actual notice that these activities infringe the Haughts' exclusive and federally protected rights.

56. Defendant's ongoing public offering, selling and provision of landscaping and related services under the MASTERSCAPES mark and any derivation thereof is therefore wrongful, intentional, and in deliberate and knowing disregard of the Haughts' exclusive and federally protected rights.

57. Defendant's infringement was and continues to be intentional and willful.

58. As a result of Defendant's trademark infringement, Plaintiffs have been and continue to be damaged in an amount to be proven at trial.

59. Pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117), Defendant's willful and deliberate actions permit recovery of profits, damages, and costs by Plaintiffs, including treble damages and attorney fees.

60. Defendant's activities complained of herein have caused, and unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## Count Two

**(Trademark Infringement and Unfair Competition under 15 U.S.C. §1125(a))**

61. Plaintiffs repeat and reallege all allegations in this Complaint as if fully set forth herein.

62. Defendant's activities complained of herein infringe the Haughts' exclusive and federally protected rights and are likely to cause confusion, mistake, or deception as to the affiliation, connection, or association between Plaintiffs and Defendant and their respective services or as to the origin, sponsorship, or approval of Defendant's services and other commercial activities.

63. Defendant's activities complained of herein therefore constitute trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

64. As a result of Defendant's trademark infringement and unfair competition, Plaintiffs have been damaged in an amount to be proven at trial.

65. Pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Defendant's willful, deliberate actions permit recovery of profits, damages, and costs by Plaintiffs, including treble damages and attorney fees.

66. Defendant's activities complained of herein have caused, and unless restrained and enjoined, will continue to cause irreparable damage and injury to Plaintiffs for which Plaintiffs have no adequate remedy at law.

## **Relief Requested**

WHEREFORE, Plaintiffs MasterScapes, Inc. and Daniel and Catherine Haught request entry of judgment in their favor and against Defendant as follows:

A. For a ruling that Defendant's activities complained of herein are unlawful under the Lanham Act;

B. For an award of actual damages to compensate Plaintiffs for their losses, damage to their business reputation, and/or lost sales and profits caused by Defendant's unlawful conduct;

C. For an award in an amount equal to Defendant's profits attributable to its unlawful conduct;

D. For an award in an amount equal to compensate Plaintiffs for the costs of future corrective advertising sufficient to counteract the public confusion that has arisen as a result of Defendant's unlawful conduct;

E. For an award of treble damages as a consequence of Defendant's willful infringement in violation of the Lanham Act;

F. For an award of attorney fees and costs pursuant to 15 U.S.C. §1117 or otherwise;

G. For an award of punitive damages in an amount appropriate to punish Defendant for its reckless disregard of Plaintiffs' rights, and to deter Defendant and others from engaging in such misconduct in the future;

H. For preliminary and permanent injunctive relief as follows:

i) Ordering Defendant and its members, representatives, officers, directors, managers, agents, servants, employees, and any and all persons or entities in active concert with Defendant, to immediately cease and desist from

9

engaging in any further acts of trademark infringement and unfair competition with regard to the MASTERSCAPES mark, including without limitation, all marketing promotion, advertising, offering, selling, and providing of services under the MASTERSCAPES mark or any derivation thereof;

        ii)    Ordering Defendant to immediately cease and desist from assisting, aiding, or abetting any third person or entity from marketing, promoting, advertising, offering, selling, or providing services under the MASTERSCAPES mark or any derivation thereof;

        iii)    Ordering Defendant to engage in corrective advertising, at Defendant's sole expense, sufficient to counteract the public confusion that has arisen as a result of Defendant's unlawful conduct; and

    I.    For such other and further relief as the Court deems just and proper.

## Jury Trial Demanded

Plaintiffs hereby demand a trial by jury on all issues so triable.

DATED this 13th day of February, 2017.

**Jaburg & Wilk, P.C.**

/s/Michael B. Dvoren
Michael B. Dvoren
Maria Crimi Speth
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
*Attorneys for Plaintiffs*

10